28 F.3d 1209
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jerry Albert GARLAND, Plaintiff-Appellant,
v.
J. CATLAND, Deputy; C. Quarles, Deputy, Defendants-Appellees,
and
Lawrence SIMPSON, Sheriff, Defendant.
 No. 94-6126.
 United States Court of Appeals,
Fourth Circuit.
 Submitted May 10, 1994.
Decided June 21, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, Magistrate Judge. (CA-93-795-R)
 Jerry Albert Garland, Appellant Pro Se.
 William Sampson Kerr, Appomattox, VA, for Appellees.
 W.D.Va.
 VACATED AND REMANDED.
 Before HALL, MURNAGHAN and MICHAEL, C.J.
 OPINION
 PER CURIAM:
 
 
 1
 Jerry Albert Garland appeals from the magistrate judge's order[1] dismissing his complaint for failure to state a claim. Because we find that Garland's complaint stated a claim, we vacate and remand for further proceedings.
 
 
 2
 Garland filed a complaint pursuant to 42 U.S.C. Sec. 1983 (1988). He alleged that prison guards responded to a shouting match between him and another prisoner by spraying enough mace at them to necessitate the evacuation of two cellblocks. He alleged that various physical harms resulted from the spraying of the mace. The Defendants moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Defendants provided no affidavits or other evidence in support of their motion. The magistrate judge granted the motion and dismissed the action.
 
 
 3
 Dismissal under Rule 12(b)(6) is proper where, construing the allegations of the complaint in a light most favorable to the plaintiff, and assuming the alleged facts true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Allegations in pro se complaints, however inartfully pleaded, are sufficient to call for opportunity to offer supporting evidence, unless it is "beyond doubt" that the plaintiff could prove no set of facts entitling him to relief. Cruz v. Beto, 405 U.S. 319 (1972). This Court reviews the dismissal de novo. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989).
 
 
 4
 To make out an Eighth Amendment claim of excessive use of force, a plaintiff must show " ' "unnecessary and wanton infliction of pain." ' " Whitley v. Albers, 475 U.S. 312, 318-19 (1986) (citations omitted). Recently the Supreme Court stated that:
 
 
 5
 In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and "any efforts made to temper the severity of a forceful response."
 
 
 6
 Hudson v. McMillian, 60 U.S.L.W. 4151, 4152-53 (U.S.1992) (quoting Whitley, 475 U.S. at 321). Further, an Eighth Amendment violation inheres in the unnecessary application of force, "whether or not significant injury is evident."[2] Id. When reviewing a claim that the use of mace constituted excessive force, "[t]he question of liability turns upon the circumstances in which the mace was used." Justice v. Dennis, 834 F.2d 380, 383 (4th Cir.1987) (en banc), vacated on other grounds, 490 U.S. 1087 (1987).
 
 
 7
 Garland alleged that he and another prisoner, ten feet apart, "were involved in a loud verbal altercation" when prison guards used so much mace that two cellblocks had to be evacuated. Under this unrebutted version, the amount of force appears to be out of proportion to the circumstances presented. Moreover, Garland alleged physical injury resulting from exposure to the mace. Given these allegations, we cannot say, as a matter of law, that Garland could not prove any set of facts consistent with these allegations that would show that the use of the mace in this case was an unnecessary and wanton infliction of pain. See Hudson, 60 U.S.L.W. at 4152-53.
 
 
 8
 Thus, we vacate the magistrate judge's order and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 The parties consented to a magistrate judge's jurisdiction pursuant to 28 U.S.C. Sec. 636(c) (1988)
 
 
 [2]
 Appellees based their motion, in part, on Garland's failure to allege serious injury